AVERY, J., dissenting.
The object of this action, brought by the County Board of Education, was by mandamus to compel the Board of County Commissioners of Bladen County to levy a tax beyond the constitutional limitation of Article V, sec. 1, in order to keep the public schools open for four months, as prescribed by Article IX, sec. 3, of the Constitution. The court upon this point gave judgment against the Board of Education, and they appealed to the Supreme Court.
The questions presented for our consideration are precisely the same as those which are determined in the case of Barksdale v. Commissioners,93 N.C. 472, wherein it was held that while it is the duty of the county commissioners, under Article IX, sec. 3, of the Constitution of North Carolina, to keep the public schools open for at least four months every year, yet, in discharging this duty, they cannot disregard the limitations imposed by Article V, sec. 1, as to the amount of tax to be levied; and that section 23, chapter 174, Laws of 1885, which requires the commissioners, if the tax levied by the State for this purpose shall be insufficient to carry it into effect, to levy annually a special tax to supply the deficiency, is unconstitutional, because it is not such a special tax for county purposes as is provided for by Article V, sec. 6, of the Constitution.
The subject has been so recently and thoroughly discussed in the opinion delivered by Chief Justice Smith for the Court, and in the dissenting opinion of the then Associate Justice Merrimon, with all the authorities on both sides, that we deem it unnecessary to recite the reasons upon which a conclusion was then reached by a majority of the Court.
We have been induced to give the questions a careful reconsideration, and have listened with interest to the able argument of counsel who have sought to induce us to put a different construction upon the Constitution than was announced in the decision above referred, and to hold *Page 359 
that it is the duty of the county commissioners to obey the mandate of the Act of 1885, and levy the additional tax sufficient to make up the deficiency, caused by the failure of the General Assembly to provide funds to maintain the schools for at least four months in the year. But we are constrained by the principle involved in the maxim stare decisis, in which is bound up the stability of judicial decision, (580) on which depends not only respect for law, but knowledge of law, so necessary to be possessed by those whose duty and business it is to advise the people on all matters concerning their interest, to abide by the decisions of the Court, unless it be made to appear that there was palpable error or mistake. When there is room for construction, and reasons may be adduced on both sides of a matter in controversy, the certainty of a rule is of more importance often than the reason of it.
In saying this, we do not wish it to be understood that, were the question before us an open one, we should reach a different conclusion upon it than has been declared by the Court.
The subject of taxation, general and special, by State and counties, has been considered in a long line of judicial decisions, beginning almost immediately upon the adoption of the Constitution of 1868. It is well settled that, for the ordinary expenses of government, both State and county, the first section of Article V of the Constitution places the limit of taxation and preserves the equation between the capitation and the property tax — the capitation tax never to exceed two dollars, and the tax upon property valued at three hundred dollars to be confined within the same limit. It is also settled in the same manner that by Article V, sec. 6, the counties may not exceed the double of the State tax, within the equation, except for a special purpose and with the special approval of the General Assembly. It appears from an examination of the authorities that no case has ever come before the courts involving the exercise of this special power of taxation by the counties, except upon special or private acts for local objects, until the Act of 1885 was brought to our attention, wherein, in a public act ("An Act to amend the public school law, chapter 15 of The Code"), it is sought by section 23 to require a special tax in the county to supply the (581) deficiency in the sum raised by general taxation and appropriation for public school purposes, under the requirements of Article IX of the Constitution, in section 2 of which "the General Assembly . . . shall provide by taxation and otherwise for a general and uniform system of public schools wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one years."
It was held in Barksdale's case, supra, which we are now asked to review, that this section 23 of the Act of 1885 was not warranted by section 6 of Article V of the Constitution, because it was not such a *Page 360 
special tax for local objects as was contemplated in the last named section. We see no reason to doubt the correctness of the decision of the Court upon this question, if it were now open to us for revision. The reasons are given and cases cited in the opinion of the Chief Justice in the case referred to, and it would be but cumbering the books for us to reproduce them here.
Were the question presented to us of the power of the General Assembly to deal with the matter and provide adequate means for the necessary expenses incident to the maintenance of the public schools under the requirement of Article IX, by general taxation, unfettered by any limitation of Article V, sec. 1, in the same manner as they may provide for a casual deficit, or for the payment of the public debt or interest on the same, or for the suppression of insurrection or invasion, we might possibly find a solution of the apparent difficulty which has resulted in a failure in some counties to maintain the schools for at least four months in every year. But, as the question may never arise, we will not discuss it.
We are content to abide by the decision of the Court in Barksdale'scase, and declare that, the judgment of his Honor below, following that decision, is
AFFIRMED.